**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Livingston International Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. _____ |
| v. ) | |
| ) | |
| ) | |
| Livingston Logistics and Company LLC, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,**
**UNFAIR COMPETITION, AND DECEPTIVE TRADE PRACTICES**

Plaintiff Livingston International, Inc. (hereinafter the "Plaintiff" or "Livingston"), by its attorneys, for its Complaint against the Defendant Livingston Logistics and Company LLC, (hereinafter the "Defendant"), alleges as follows:

**NATURE OF ACTION**

1. This lawsuit is an action for trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* (hereinafter the "Lanham Act"), as well as trademark infringement, unfair competition, and deceptive trade practices under Illinois state law. As described more fully below, Defendant has knowingly offered for sale and/or sold services using Livingston's lawfully owned trademark without Livingston's authorization.

**PARTIES**

2. Livingston is a Canadian corporation with a principal place of business at 405 The West Mall, Suite 400 Toronto, Ontario M9C 5K7.

3. Livingston, along with its related companies, provides transportation brokerage and freight forwarding services in North America and is the leading provider of global trade

management, trade consulting, customs compliance, and freight solutions. *See* https://www.livingstonintl.com/.

4. Upon information and belief, Defendant is an Illinois limited liability company that offers freight transportation and logistics services with a principal place of business at 490 Beech Hollow Road, Harrisburg, Illinois 62946.

5. This Court has subject matter jurisdiction over the claims in this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367, in that this case arises under the laws of the United States, including the Lanham Act, 15 U.S.C. §§ 1051 *et seq.,* and involves related state law claims.

6. This Court has personal jurisdiction over Defendant because it is a company organized under the laws of Illinois with its principal places of business in this District, in Harrisburg, Illinois.

7. Venue is appropriate in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to Livingston's claims occurred in this District and because Defendant is subject to personal jurisdiction in this District.

### FACTUAL BACKGROUND

#### Plaintiff's Livingston Marks

8. For more than 50 years, through its related companies, Livingston has used the registered LIVINGSTON trademark in connection with the provision of transportation brokerage and freight forwarding services in the United States.

9. Specifically, Livingston's services include customs brokerage, global trade management, trade consulting, customs compliance, and freight solutions.

280915010.v1

10.     Livingston is the exclusive owner of the following U.S. Trademark Registrations and Applications (the "Livingston Marks").

| Reg. No./Appl. No. | Mark | Goods and Services |
|---|---|---|
| Reg. No. 4,661,902 registered 12/30/2014 | LIVINGSTON | Class 35: business consulting services in the field of customs and trade importation and export rules, etc.<br><br>Class 36: customs brokerage services<br><br>Class 39: Transportation brokerage and freight forwarding services<br><br>Class 42: Computer consultation and software maintenance services in the field of import and export software products |
| Reg. No. 4,661,903 registered 12/30/14 | LIVINGSTON (logo) | Class 35: Business consulting services in the field of customs and trade importation and export rules<br><br>Class: 36: customs brokerage services<br><br>Class 39: Transportation brokerage and freight forwarding services<br><br>Class 42: Computer consultation and software maintenance services in the field of import and export software products |
| Reg. No. 7,356,055 registered 4/9/24 | LIVINGSTON E-COMMERCE | Class 35: Business consulting services in the field of customs and trade importation and export rules<br><br>Class 39: Transportation brokerage and freight forwarding service |

3

| Reg. No./Appl. No. | Mark | Goods and Services |
|---|---|---|
| Appl. No. 97371772, filed 4/20/22 | Livingston | Class 35: Business consulting services in the field of customs and trade importation and export rules<br><br>Class 36: Customs brokerage services, namely acting as intermediary for importers and exporters in handling customs formalities involved in customs clearance and the importation of goods<br><br>Class 39: Freight transportation brokerage and freight forwarding services<br><br>Class 42: Computer technology consultancy in the field of import and export software products |
| Appl. No. 97371778 filed 4/20/2022 | Livingston | Class 35: Business consulting services in the field of customs and trade importation and export rules<br><br>Class 36: Customs brokerage services<br><br>Class 39: Freight transportation brokerage and freight forwarding services<br><br>Class 42: Computer technology consultancy in the field of import and export software products |

280915010.v1

| Reg. No./Appl. No. | Mark | Goods and Services |
|---|---|---|
| Appl. No. 98261426 filed 11/8/23 | LIVINGSTON IGNITE | Class 35: Business consulting services in the field of customs and trade importation and export rules<br><br>Class 36: Financial customs brokerage services<br><br>Class 39: Freight transportation brokerage and freight forwarding services<br><br>Class 42: Computer software consultation and computer software maintenance services in the field of import and export software products |

*See* **Exhibit "A**," Livingston's Trademark Registration Certificates and Applications, which is incorporated as if set forth fully herein.

11. The above trademark registrations were duly issued in compliance with law, are valid and subsisting, and are *prima facie* evidence of Livingston's registration, ownership, and right to exclusive use of the Livingston Marks. The '902 and '903 registrations are incontestable.

12. The Livingston Marks have been used in commerce since at least as early as January 14, 1992.

13. The Livingston Marks symbolize and represent the goodwill of Livingston and are intangible assets of substantial commercial value to Livingston. The Livingston Marks are inherently distinctive and have gained substantial notoriety as a result of Livingston's extensive sales, advertising, and promotional efforts.

280915010.v1

14. Livingston uses its Livingston Marks in connection with its trade, freight, logistics, and transportation services. Representative examples of how Livingston uses the Livingston Marks in commerce are shown below:



*See* https://www.livingstonintl.com/.



*See* https://www.livingstonintl.com/services/freight-and-transportation/.

15. Livingston has spent considerable sums promoting the Livingston Marks and developing recognition and goodwill with respect to the Livingston Marks in the minds of consumers and the public at-large. In so doing, Livingston has established itself as a respected and trustworthy provider of trade, freight, logistics, and transportation services.

6

280915010.v1

16. Livingston's services under the Livingston Marks are used by manufacturers, shipping companies, importers and exporters, and interstate trucking companies.

17. Livingston is a licensed customs broker under CBP Regulations, licensed Non-Vessel Operating Common Carrier, licensed by the Federal Maritime Commission, licensed Ocean Transportation Intermediary, Certified Customs Trade Partnership Against Terrorism, and a certified Indirect Air Carrier.

18. Annually, Livingston has served a sizable customer base in the United States, garnering significant annual sales volumes related to freight and logistics services, and resulting from Livingston's continuous use and promotion of the Livingston Marks in United States.

19. In addition to Livingston's rights under the Lanham Act, Livingston has acquired substantial and enforceable common law rights by virtue of use of the Livingston Marks in commerce, including such use in commerce in Illinois and in this District.

**Defendant's Willful Infringement**

20. Defendant is violating Livingston's rights in its Livingston Marks by operating its freight and logistics business under the name "Livingston Logistics and Company LLC" without authorization of Livingston.

21. An example of Defendant's misuse is shown below:



280915010.v1

*See* https://www.livingstonlogisticsllc.com/.

22. On October 10, 2024, Livingston, through its attorneys, made Defendant expressly aware of Livingston's federally registered Livingston Marks and requested that Defendant cease and desist from infringing upon Livingston's Livingston Marks in connection with Defendant's business.. *See* **Exhibit "B**," a true and correct copy of the October 10, 2024 Cease and Desist Letter, which is incorporated as if set forth fully herein.

23. Defendant refused to comply with Livingston's demand and, with actual knowledge of Livingston's rights, continues to infringe.

24. Defendant advertises its services for sale under the name "LIVINGSTON," including without limitation online, and offers its services to the same type of consumers to whom Livingston provides its services – namely, manufacturers and companies that need to ship goods via interstate transit.

25. Defendant's use of the identical name "LIVINGSTON" in connection with the provision of Defendant's identical freight services is likely to confuse the public as to the source of the services and falsely communicate that Defendant is associated, affiliated or connected with, or sponsored or approved by, Livingston when it is not.

26. Defendant is not, nor has ever been, affiliated with Livingston and has never been licensed or otherwise authorized by Livingston to use the Livingston Marks.

27. Defendant's continuing and unauthorized use of the name "LIVINGSTON" is with actual notice of Livingston's registered rights in the Livingston Marks by virtue of both actual awareness of Livingston and Livingston's federal trademark registrations and applications.

28. Defendant's use of the name "LIVINGSTON" is with the deliberate intent to freeride on the goodwill that Livingston has established in the Livingston brand and with the

deliberate intent to create a false impression as to the source and sponsorship of Defendant's products and services.

29. If Defendant's conduct is not enjoined, Livingston will face irreparable harm, particularly due to great injury to the value of the Livingston Marks and ability of the Livingston Marks to distinguish Livingston's services.

30. Defendant's conduct is willful and deliberate and Defendant's continued use of the name "LIVINGSTON" after notice and direct communications with Livingston's counsel about the Livingston Marks reflects a deliberate indifference and an intention to unlawfully benefit from willful infringement of Livingston's intellectual property and to unfairly compete with Livingston.

### COUNT I – FEDERAL TRADEMARK INFRINGEMENT
(**15 U.S.C. § 1114**)

31. Livingston realleges the foregoing paragraphs as if fully set forth herein.

32. Livingston exclusively owns valid and enforceable rights in its Livingston Marks.

33. Livingston is the senior user of and has priority in the Livingston Marks.

34. Defendant has, without Livingston's consent, used the name "LIVINGSTON" in commerce in connection with the sale, offering for sale, distribution, or advertising of its offending services in a manner that is likely to cause confusion, mistake, or to deceive the public.

35. Defendant has, without Livingston's consent, reproduced, counterfeited, copied, and/or colorably imitated the Livingston Marks and applied such reproduction, counterfeit, copy, and/or colorable imitation to the advertisements of its offending services in connection with the sale, offering for sale, distribution, or advertising of its offending services in a manner which is likely to cause confusion, or to cause mistake, or to deceive.

36. As a direct and proximate result of Defendant's conduct, Livingston has suffered and will continue to suffer economic harm in the form of lost revenue, lost profits and in the form of harm to the value and goodwill associated with the Livingston Marksand Livingston's reputation in the industry.

37. Because and since Defendant has been aware of Livingston, the Livingston Marks and Livingston's freight and logistics services, and because Defendant's "LIVINGSTON" name is identical to the literal element of the Livingston Marks, Defendant's conduct was and is knowing and willful.

38. Given Defendant's willful, intentional, and knowing conduct, including but not limited to its continued and continuing infringement after having knowledge of its infringement, this is an exceptional case under 15 U.S.C. § 1117.

39. As the acts alleged herein constitute infringement by Defendant of the Livingston Marks under 15 U.S.C. § 1114, and as Livingston has no adequate remedy at law, Livingston is entitled to injunctive relief as well as monetary damages and other remedies as provided by 15 U.S.C. §§ 1116, 1117, and 1118, including recovery of the Defendant's revenues and profits, all damages sustained by Livingston, the cost of this action plus interest and including reasonable attorneys' fees, other increased damages as the Court may deem appropriate, and/or other amounts yet to be determined.

### COUNT II – FEDERAL UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

40. Livingston realleges the foregoing paragraphs as if fully set forth herein.

41. Livingston is the senior user of and has priority in the Livingston Marks.

42. Defendant has unlawfully used the name "LIVINGSTON" in connection with its offending products and services, and in its advertising of the same in a manner which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Livingston, or as to the origin, sponsorship, or approval of the offending services.

43. Defendant has used the name "LIVINGSTON" in connection with freight and logistics services and the advertising of the same in a manner that misrepresents the source, nature, characteristics, or qualities of the offending services.

44. As a direct and proximate result of Defendant's conduct, Livingston has suffered and continues to suffer economic harm in the form of lost sales, lost profits and in the form of harm to the value and goodwill associated with the Livingston Registered Mark and Livingston's reputation in the industry.

45. Defendant's infringing conduct was and is knowing and willful.

46. Given the Defendant's willful, intentional, and knowing conduct, including but not limited to its continued and continuing infringement after having knowledge of the infringement, this is an exceptional case under 15 U.S.C. § 1117.

47. As the acts alleged herein constitute infringement by Defendant of the Livingston Marks under 15 U.S.C. § 1125(a), and as Livingston has no adequate remedy at law, Livingston is entitled to injunctive relief as well as monetary damages and other remedies as provided by 15 U.S.C. §§ 1116, 1117, and 1118, including recovery of the Defendant's revenues and profits, all damages sustained by Livingston, the cost of this action plus interest and including reasonable attorneys' fees, other increased damages as the Court may deem appropriate, and/or other amounts yet to be determined.

280915010.v1

## COUNT III – DECEPTIVE TRADE PRACTICES
## (815 ILCS 510/1 *et seq.*)

48. Livingston realleges the foregoing paragraphs as if fully set forth herein.

49. Defendant's use, advertisement, and sale of the offending freight and logistics services in conjunction with the Livingston Marks, as alleged herein, constitutes deceptive trade practices in violation of 815 ILCS 510/2 *et seq.*, including by way of:

(a) Passing off its and services with the infringing "Livingston" mark as genuine Livingston services;

(b) Causing actual confusion, likelihood of confusion, and/or a misunderstanding as to the source, sponsorship, approval or certification of Livingston's services and Livingston Marks;

(c) Causing actual confusion, likelihood of confusion, and/or a misunderstanding as to the source, affiliation, connection, or association with Livingston's services and the Livingston Marks; and/or

(d) Using deceptive representations by selling their products and services in conjunction with counterfeit marks.

50. As stated herein, Defendant's actions, including employing practices in commerce as set forth in Section 2 of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, and by selling their products and services in conjunction with the Livingston Marks without Livingston's consent or authorization, and misappropriating the Livingston brand, reputation, and/or trade dress constitute deceptive trade practices.

51. Livingston is likely to continue to be damaged by Defendant's infringement and deceptive trade practices, including in lost sales, lost and damaged goodwill, lost customers, lost profits, lost business opportunities, and lost and damaged value of the Livingston Marks, and in

damaged reputation amongst consumers. Accordingly, pursuant to 815 ILCS 510/3, Livingston is entitled to injunctive relief upon terms that the Court deems reasonable.

52. Defendant intentionally and willfully copied the Livingston Marks without prior authorization.

53. Upon information and belief, Defendant has realized revenue and profits stemming from their wrongful offering and sale of its freight and logistics services in association with the Livingston Marks, none of which Defendant would have otherwise obtained.

54. Livingston has no adequate remedy at law for the Defendant's wrongful actions.

55. Unless and until enjoined, Defendant's violations and wrongful acts have injured and will continue to injure Livingston.

56. As a consequence of Defendant's actions, Livingston has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

### COUNT IV – ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES
### (815 ILCS 505/1 *et seq.*)

57. Livingston realleges the foregoing paragraphs as if fully set forth herein.

58. Defendant's use, advertisement, and sale of the offending freight and logistics services in conjunction with the Livingston Marksas alleged herein, constitute Illinois consumer fraud and deceptive business practices in violation of 815 ILCS 505/2 *et seq.*, including by way of:

> (e) Passing off its goods and services with the Infringing Marks as genuine Livingston products and services;

(f) Causing actual confusion, likelihood of confusion, and/or a misunderstanding as to the source, sponsorship, approval or certification of Livingston's goods, restaurants, and Livingston Marks;

(g) Causing actual confusion, likelihood of confusion, and/or a misunderstanding as to the source, affiliation, connection, or association with Livingston's goods, restaurants, and the Livingston Marks; and/or

(h) Using deceptive and/or misleading representations by selling their products and services in conjunction with similar and confusing marks.

59. As stated herein, Defendant's actions, including employing practices in commerce as set forth in Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, and by selling its services in conjunction with the Livingston Marks without Livingston's consent or authorization, and misappropriating the Livingston brand, reputation, and/or trade dress constitute consumer fraud and deceptive business practices in Illinois.

60. Livingston has been damaged, and is likely to continue to be damaged, by Defendant's infringement and deceptive trade practices, including in lost sales, lost and damaged goodwill, lost customers, lost profits, lost business opportunities, and lost and damaged value of the Livingston Marks, and in damaged reputation amongst consumers. Accordingly, pursuant to 815 ILCS 505/10(a), Livingston is entitled to damages and injunctive relief upon terms that the Court deems reasonable.

61. Defendant intentionally and willfully copied the Livingston Marks without prior authorization.

62. Livingston has no adequate remedy at law for the Defendant's wrongful actions.

280915010.v1

63. Unless and until enjoined, Defendant's violations and wrongful acts have injured and will continue to injure Livingston.

64. As a consequence of Defendant's actions, Livingston has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

**COUNT V – ILLINOIS COMMON LAW**
**UNFAIR COMPETITION**

65. Livingston realleges the foregoing paragraphs as if fully set forth herein.

66. Defendant has used the Livingston Marks in connection with their offending services in a manner which is calculated to deceive and cause consumers to do business with Defendant when those consumers intended to and/or would otherwise have done business with Livingston.

67. The foregoing acts constitute palming off, misappropriation, and/or unfair competition under Illinois law.

68. Livingston has suffered economic injury as a result of Defendant's palming off, unfair competition, and misappropriation via sales of offending services.

69. Given the identical names of the offending services, including use of the Livingston Marks, and Defendant's knowledge of the Livingston Marks, Defendant's conduct was knowing, malicious and fraudulent.

280915010.v1

**RELIEF REQUESTED**

WHEREFORE, Livingston respectfully requests that this Court enter a judgment in its favor and against Defendant and award Livingston relief as follows:

A. Judgment, in Livingston's favor and against Defendant, finding Defendant in violation of all counts of the Complaint in violation of 15 U.S.C. § 1114, 15 U.S.C. § 1125(a), trademark infringement and unfair competition under Illinois common law, and violation of the Illinois Deceptive and Unfair Trade Practices Act;

B. Judgment that, in violation of all counts of the Complaint, Defendant acted willfully and deliberately;

C. Judgment awarding to Livingston all recovery and compensation to which Livingston is entitled under 15 U.S.C. §§ 1114, 1117, 1125, and Illinois common law, including attorneys' fees, costs, expenses, and discretionary enhanced damages;

D. Judgment ordering the destruction of all offending products, signage, websites, and related advertisements in Defendant's possession, custody, or control; and

E. Preliminarily and permanently enjoining Defendant, its affiliates, subsidiaries, parents, and its respective officers, agents, servants, attorneys, and employees, and all persons in active concert or participation with it, and mandating that Defendant immediately and forever cease, desist, and refrain from:

    i. Directly or indirectly advertising, promoting, making, purchasing, offering for sale, or selling any products or services bearing or in conjunction with the name "LIVINGSTON" or any of the Livingston Marks or any colorable imitation thereof;

      ii.      Inducing or enabling others to distribute, advertise, promote, make, purchase, offer for sale, or sell products or services bearing or in conjunction with any of the Livingston Marks or any colorable imitation thereof;

      iii.     Using any of the Livingston Marks;

      iv.     Using any trade or domain name incorporating "LIVINGSTON;"

      v.      Unfairly competing with Livingston in any manner;

      vi.     Forming or causing to be formed any corporation, partnership, or other entity that engages in any of the aforementioned enjoined conduct; and

F.     Awarding such other and further relief as this Court deems just and proper.

## JURY DEMAND

A trial by jury is hereby demanded on all claims and issues so triable.

Respectfully submitted,

/s/ Michael P. Croghan

Michael P. Croghan
Clark Hill PLC
130 E. Randolph Street, Suite 3900
Chicago, Illinois 60601
Telephone:  (312) 985-5900
Facsimile:  (312) 985-5999
mcroghan@clarkhill.com
nprefontaine@clarkhill.com

J. Alexander Hershey
(*Pro Hac Vice* motion forthcoming)
Clark Hill, PLC
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA 15219
Telephone: (412) 394-7711
Facsimile: (412) 394-2555
E-mail:  ahershey@clarkhill.com

*Counsel for Plaintiff Livingston International, Inc.*

280915010.v1